UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARIA GIACALONE and
CANADENSIS HEALTHCARE, INC.,

    Plaintiffs,

v.

PENNSYLVANIA INSURANCE FRAUD
PREVENTION AUTHORITY,
NORTHEASTERN PENNSYLVANIA
INSURANCE FRAUD TASK FORCE,
THOMAS E. PAVLICK and
MYLES WALSH,

    Defendants.

Civil No. 3:11-CV-01647

(Judge Kosik)

## MEMORANDUM

On September 1, 2011, Plaintiffs filed two separate complaints alleging violations of 42 U.S.C. § 1983 against Defendants Pennsylvania Insurance Fraud Prevention Authority ("Authority"), Northeastern Pennsylvania Insurance Fraud Task Force ("Task Force"), Thomas E. Pavlick[1], and Myles Walsh[2] and a defamation claim against Defendants Task Force and Walsh. (Doc. 1, 3:11-CV-1647; Doc. 1, 3:11-CV-1648). The cases were consolidated under Civil Number 3:11-CV-1647 on November 2, 2011. (Doc. 10). All of the Defendants filed Motions to Dismiss with Briefs in Support. (Doc. 8 and 9, 11 and 18, 19 and 20). Plaintiffs have responded to these Motions to Dismiss, (Doc. 13, 20, 25), and Defendants have replied to Plaintiffs' responses, (Doc. 15, 22, 26). For the reasons that follow we will grant the motions to dismiss, but we will allow Plaintiffs an opportunity to amend. Jurisdiction is alleged pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

---

[1] A detective for Defendant Task Force. (Doc. 1, ¶ 7).

[2] A detective for Defendant Task Force. (Doc. 1, ¶ 8).

FILED
SCRANTON

FEB 2 7 2012

Per _____
    DEPUTY CLERK

**Factual Background**

We summarize the factual allegations of Plaintiffs' Complaints[3] as follows:

On January 28, 2011, Defendant Task Force executed search warrants[4] on Plaintiffs' offices. (Doc. 1, ¶10). The searches were executed by representatives of Defendant Task Force, including Defendants Pavlick and Walsh. (*Id.*). At the time of the execution of the warrant, Defendants seized equipment and assets belonging to the Plaintiffs, essentially consisting of all the electronic and paper records of the chiropractic businesses.[5] (*Id.* at 11, 15). Plaintiffs allege that Defendant Pavlick supervised and oversaw the search and seizure. (*Id.* at 15).

According to the allegations of the Complaint, "Defendant Walsh contacted local television stations for the purpose of having television stations attend the search and broadcast the search and seizure on its news broadcast." (*Id.* at 15). Plaintiffs assert that there was no legitimate reason to contact the television stations. (*Id.* at 16).

Plaintiffs allege there was no probable cause for the issuance of the search warrants which resulted in a violation of the Fourth Amendment of the Constitution of the United

---

[3]We note that both of the Complaints are nearly identical in content. The main difference being that the Complaint in 3:11-CV-01647 references Plaintiffs Maria Giacalone and Canadensis Healthcare, Inc. and concerns the execution of a search warrant on the offices of Maria Giacalone and Canadensis Healthcare, Inc., while the Complaint in 3:11-CV-01648 references Plaintiffs Joseph Giacalone and Giacalone Healthcare, Inc. and concerns the execution of a search warrant on the offices of Joseph Giacalone and Giacalone Healthcare, Inc. (Doc. 1, 3:11-CV-01647; Doc. 1, 3:11-CV-01648). For the purposes of simplification, we will use the Complaint in 3:11-CV-01647 for the "Factual Background" with the knowledge that the claim concerns all the Plaintiffs and the executions of a search warrant on all of the Plaintiffs' office.

[4]Copies of the search warrants, including the affidavits of probable cause (which were the same for both search warrants), were attached as exhibits to Plaintiffs' Complaints. (Doc. 1, Ex. B, 3:11-CV-01647; Doc. 1, Ex. B, 3:11-CV-01648).

[5]Itemized lists of the equipment and assets seized during the searches are found attached to the two complaints and marked as "Exhibit A." (Doc. 1, Ex. A, 3:11-CV-01647; Doc. 1, Ex. A, 3:11-CV-01648).

States. (*Id.* at 13). They claim that the "search and seizure was prompted by Highmark Blue Cross/Blue Shield and the Pocono Mountain School District in attempting to avoid payment of legitimate bills for subscribers to their medical insurance provided by those entities." (*Id.* at 18). Plaintiffs also allude to a conspiracy between Defendants and the representatives of Highmark Blue Cross/Blue Shield and the Pocono Mountain School District but fail to elaborate on the specifics of the conspiracy and fail to bring a conspiracy claim against any of the named Defendants. (*Id.* at 19). Plaintiffs allege that as a result of the search and seizure and ensuing publicity, their practices were reduced from seventy-five (75) patients per week to five (5) to ten (10) patients per week. (*Id.* at 20). They also allege that they have suffered and will continue to suffer total financial harm, that they are left with "virtually no chiropractic practice," and that they are unable to continue their chiropractic practice. (*Id.* at 20-23). Plaintiffs are requesting the following relief: compensatory damages, punitive damages, attorney's fees and costs, and other such relief that this Court deems just and proper. (*Id.* at p. 5-6).

**Procedural History**

Plaintiffs allege a violation of their civil rights pursuant to 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution by all named Defendants. (*Id.*). Plaintiff also allege a defamation claim against Defendants Walsh and Task Force. (*Id.*). On November 1, 2011, Defendants Task Force and Pavlick filed a Motion to Dismiss. (Doc. 8). Defendants Task Force and Pavlick moved to dismiss Plaintiffs' claims premised on a lack of probable cause; no possible conspiracy claim brought by Plaintiffs; Plaintiffs' failure to set forth a claim for supervisory liability; Plaintiffs' *Monell* claim; Plaintiffs' intentional tort claim since such claims are not actionable against municipal defendants; Plaintiffs' claims against Defendant Pavlick because he is entitled to qualified immunity; and Plaintiffs' punitive damages claims. (*See* Doc. 9). On November 7, 2011, Defendant Walsh filed a Motion to Dismiss. (Doc. 11). Defendant Walsh moved to dismiss for Plaintiffs' failure to

state claims upon which relief may be granted under 42 U.S.C. § 1983; claims against Defendant Walsh because he is entitled to qualified immunity; claims against Defendant Walsh because is immune from tort liability pursuant to the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S.A. § 8545; and failure to state claims upon which relief may be granted for defamation. (*See* Doc. 18). On December 7, 2011, Defendant Authority also filed a Motion to Dismiss. (Doc. 19). Defendant Authority moved to dismiss because Plaintiffs failed to plead any facts which state a claim against the authority. (*See* Doc. 20). Defendants Walsh and Authority also alternatively filed motions for a more definitive statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (*See* Doc. 11, 19).

In their response to the motions to dismiss, Plaintiffs raise additional information not included in their Complaints. (*See* Doc. 13, 20, 25). Plaintiffs also requested an opportunity to amend their Complaints in response to Defendant Authority's Motion to Dismiss. (Doc. 25).

### Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a claim for relief in any pleading may be defended against based on failure to state a claim upon which relief can be granted. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim. See *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). When considering a 12(b)(6) motion to dismiss, the court must view the complaint in the light most favorable to the plaintiff and must accept all well-pleaded allegations as true. See *Eriskson v. Pardus,* 551 U.S. 89, 93-94 (2007); *Angelastro v. Prudential-Bache Sec., Inc.,* 764 F.2d 939, 944 (3d Cir. 1985). The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail. See *Phillips v. County of Allegheny,* 515 F. 3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "simply

calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."); *Nami v. Fauver,* 82 F. 3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, *Cal. Pub. Employees Ret. Sys. v. The Chubb Corp.,* 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, *Twombly,* 550 U.S. at 556. Legal conclusions without factual support are not entitled to assumption of truth. *See Ashcroft v, Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim to relief that is plausible on its face." *Iqbal,* 129 S. Ct. at 1949 *quoting Twombly,* 550 U.S. at 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. At 1949. The complaint that shows that the pleader is entitled to relief - or put another way, facially plausible - will survive a Rule 12(b)(6) motion. *See* Fed. R. Civ. P. 8(a)(2).

## Discussion

### I. Failure to State a Claim Pursuant to 42 U.S.C. § 1983

A section 1983 action may be brought by a plaintiff alleging violations of his Fourth Amendment rights. The Fourth Amendment of the United States Constitution provides that:

> [t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and now Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. Amend. IV. Probable cause is determined by looking at the totality-of-the-circumstances. *Illinois v. Gates,* 462 U.S. 213, 230 (1983).

When considering a search warrant,

> [a] magistrate's "determination of probable cause should be paid great deference by reviewing courts." "A grudging or negative attitude by reviewing courts toward warrants"... is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant; "courts should not invalidate [warrants] by interpreting [affidavits] in a hypertechnical, rather than a commonsense, manner."

*Id.* at 236. (internal citations omitted). The traditional standard for reviewing a probable cause determination made by a magistrate is whether the magistrate had a "'substantial basis for...conclud[ing]' that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more." *Id.* quoting *Jones v. United States,* 362 U.S. 257, 271 (1960). Probable cause is usually a matter of fact; "[t]he district court may conclude in the appropriate case, however, that probable cause did exist as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding." *Sherwood v. Mulvihill,* 113 F.3d 396, 401 (3d Cir., 1997).

In their Complaint, Plaintiffs allege violations of their Fourth Amendment rights when Defendants executed a search warrant because there was no probable cause for the issuance of the warrant. (Doc. 1, ¶ 13). Plaintiffs further allege that Defendants Walsh and Pavlick, as agents of Defendant Task Force, executed the search warrant on Plaintiffs' premises. (*See id.*). The copy of the warrant and affidavit of probable cause attached to the Complaint show that Defendant Pavlick was the affiant for the search warrant. (*Id.* at Ex. B). Plaintiffs' only

mention of Defendant Authority (short of naming Defendant Authority as a Party) consists of a broad allegation that

> Defendant Insurance Fraud Prevention Agency (sic) has encouraged, tolerated, ratified and has been deliberately indifferent to the type of pattern and practice engaged in by the other Defendants in this case, based upon an intended purpose of generating publicity so that the citizens of the Commonwealth of Pennsylvania believe that such an agency is necessary and is protecting their interests when such is not necessarily the case.

(*Id.* at 28). Plaintiffs allege no further facts to expand upon their probable cause claim.

Plaintiffs' Complaint, as it stands, consists of broad, conclusory allegations. Plaintiffs' insistence that there was no probable cause for the search warrant, without any further factual allegations[6], is not enough to overcome the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure. Looking at the Complaint in the light most favorable to Plaintiffs, there is not enough factual content to show that Plaintiffs are entitled to relief.

In response to Defendant Authority's Motion to Dismiss, (Doc. 19), Plaintiffs asked to file an Amended Complaint to assert sufficient factual content to state a claim for relief. (Doc. 25). In light of the tenuous nature of Plaintiffs' overall Complaint and the Court's liberal granting of allowances to amended complaints, we will allow Plaintiffs to file an Amended Complaint to attempt to fix the deficiencies found in the 42 U.S.C. § 1983 claim against all Defendants. *See* Fed. R. Civ. P. 15(a)(2).

## II. Defamation

Plaintiffs' defamation claim is based on Pennsylvania law. Because Plaintiffs' federal claim is questionable, we will not decide whether to exercise supplemental jurisdiction over this claim at this time. 28 U.S.C. 1367(c)(3) ("The district courts may decline to exercise

---

[6]In their briefs in opposition to the various motions to dismiss, Plaintiffs allude to the affidavit of probable cause containing misrepresentations or omissions of material facts. (Doc. 13, 20). These allegations are outside of the Complaint however and cannot be considered when deciding the motions to dismiss.

7

supplemental jurisdiction over a claim under subsection (a) if - ....the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that when federal causes of action are dismissed, federal courts should not separately entertain pendent state claims).

### III. Miscellaneous

In their motions to dismiss, Defendants make arguments concerning qualified immunity, *Monell* claims, tort immunity, and issues dealing with supervisory liability. Since we find the factual content of the Complaint insufficient to support a section 1983 claim and did not decide whether to exercise jurisdiction over Plaintiffs' defamation claims, we will not address these arguments. If Plaintiffs choose to amend their complaint, these arguments can be raised again at a later time.

### Conclusion

The Defendants have all moved to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We agree that Plaintiffs have failed to state a section 1983 claim upon which relief can be granted. Plaintiffs will be given twenty (20) days in which to amend their Complaint. Failure to file a timely amended complaint may result in dismissal of this action.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARIA GIACALONE and
CANADENSIS HEALTHCARE, INC.

    Plaintiffs,

    v.

PENNSYLVANIA INSURANCE FRAUD
PREVENTION AUTHORITY,
NORTHEASTERN PENNSYLVANIA
INSURANCE FRAUD TASK FORCE,
THOMAS E. PAVLICK, and
MYLES WALSH,

    Defendants.

Civil No. 3:11-CV-01647

(Judge Kosik)

## ORDER

AND NOW, this 27 day of February 2012, IT IS HEREBY ORDERED THAT:

1. Defendants' Motions to Dismiss (Doc. 8, 11, 19) are **GRANTED** as set forth in the accompanying Memorandum;

2. Plaintiffs' are allowed twenty (20) days from the date of this Order in which to file an amended complaint; and

3. Plaintiffs are advised that failure to file a timely amended complaint may result in dismissal of this action.

Edwin M. Kosik
United States District Judge

9